JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tiana Lamboy
5625 Market Street, Apartment 1
Philadelphia, PA 19139

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

## DEFENDANTS
JobIUSA, Inc.
409 Easton Road, Suite 102
Willow Grove, PA 19090

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000 et seq
Brief description of cause:
Title VII of the Civil Rights Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 10/20/2025

SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION |
| Tiana Lamboy | : |  |
| v. | : |  |
| Job1USA, Inc., et al | : |  |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| 10/20/2025 | Graham F. Baird | Plaintiff, Tiana Lamboy |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _1200 Ward Ave, West Chester, PA 19380_____

---

*RELATED CASE IF ANY:*   Case Number: _2:25-cv-03198_____   Judge: _Wendy Beetlestone_____

1. Does this case involve property included in an earlier numbered suit?                                                                   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?                      Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same    Yes ☐
   individual?

5. Is this case related to an earlier numbered suit even though none of the above categories apply?                           Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☒ **is** / ☐ **is not** related to any pending or previously terminated
action in this court.

---

**Civil Litigation Categories**

*A.   Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.   Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications
beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or
federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory
judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the
money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a
violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIANA LAMBOY | : | |
| 5625 Market Street, Apartment 1 | : | |
| Philadelphia, PA 19139 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOB1USA, INC. | : | |
| 409 Easton Road, Suite 102 | : | |
| Willow Grove, PA 19090 | : | |
| | : | |
| And | : | |
| | : | |
| JOB1USA, INC. | : | |
| 701 Jefferson Ave, Suite 201 | : | |
| Toledo, OH 43604 | : | |
| | : | |
| And | : | |
| | : | |
| UNITED PARCEL SERVICE, INC. | : | |
| 1200 Ward Ave | : | |
| West Chester, PA 19380 | : | |
| | : | |
| And | : | |
| | : | |
| UNITED PARCEL SERVICE, INC. | : | |
| 55 Glenlake Parkway NE | : | |
| Atlanta, GA 30328 | : | |
| | : | |
| Defendants | : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, TIANA LAMBOY (hereinafter "Plaintiff") is an adult individual

residing at the above address.

1

2.      Defendant, JOB1USA, INC. (hereinafter "Job1Usa") is a corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and owning, operating and doing business at the above captioned Willow Grove, Pennsylvania address, with a corporate address in Toledo, Ohio as captioned above.

3.      Defendant, UNITED PARCEL SERVICE, INC. (hereinafter "UPS") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and owning, operating and doing business at the above captioned West Chester, Pennsylvania address, with a corporate address in Atlanta, Georgia as captioned above. Both Defendants are hereinafter referred to as "Defendants."

4.      At all times material hereto, Defendants, acting together, in concert, by and on each other's behalf.  At all times material hereto, Defendants were Plaintiff's employer(s).

5.      Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, true and correct copies of two "right-to-sue" letters issued by the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission).

6.      This action is instituted for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000 et seq.) and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff was constructively terminated, subjected to a sexually hostile work environment and subjected to retaliation after complaining of sexual harassment.

7.      Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

8.      Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. §1367.

9.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district, because Defendants conduct business in this district, and because a substantial part of the acts, conduct and/or omissions giving rise to the claim set forth herein occurred in this judicial district.  Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal

conduct by Defendants, as set forth herein. At all times material hereto, Plaintiff was working out of Defendants UPS's West Chester, Pennsylvania address.

## II.  Operative Facts.

10.     In or around November of 2023, Defendants Job1USA hired Plaintiff as a shift lead, contracted to work at Defendants UPS's West Chester, Pennsylvania facility as captioned above.

11.     During her interview with Defendants' supervisor, Jamele Lee, Plaintiff was subjected to flirtation on behalf of Mr. Lee during the entirety of the interview, which Plaintiff recalls lasted from approximately 9:30am until around 1:00pm.

12.     While Plaintiff felt uncomfortable with this situation, she reciprocated as she was in need of the position, which she was ultimately given.

13.     Following her hire, Plaintiff began a sexual relationship with Mr. Lee, who was her superior.

14.     During the course of this relationship, Mr. Lee constantly asked Plaintiff "when [Plaintiff] was quitting", or indicating that Plaintiff "could quit" when Plaintiff had not indicated she had any intentions of doing so.

15.     In December of 2023, Plaintiff received a job offer from Macy's which was offering more money.

16.     Mr. Lee told Plaintiff he would get her pay increased to $16.50, which led to Plaintiff turning down the job offer and keeping her employment with Defendants.

17.     In February of 2024, while speaking with another of Defendants' supervisors, Plaintiff became aware that all of Defendants' supervisors were making $18.00 per hour, while Plaintiff was only making $0.50 more than a guard.

18.     Plaintiff asked Mr. Lee about the pay discrepancy; Mr. Lee replied "come over tonight and we'll discuss it."

19.      Plaintiff complied and engaged in sexual relations with Mr. Lee; however while Mr. Lee did not further discuss her pay with her, Plaintiff discovered with her next pay check that her pay had been increased to $18.00 per hour.

20.     In or around April of 2024, Plaintiff discovered that she was pregnant.

21.     Upon finding out, Mr. Lee threatened Plaintiff that she would not have a job if she did not abort the pregnancy.

22.     Mr. Lee became physical with Plaintiff, telling her that he had been a "sharpshooter in the military" and told Plaintiff that he could "shoot her from the parking lot across the street from her house."

23.     Due to this intense pressure and threats, Plaintiff complied and underwent an abortion.

24.     Following this chain of events, in May of 2024, Plaintiff ended her relationship with Mr. Lee.

25.     On August 19, 2024, during her shift, Plaintiff received the devastating news that her best friend had passed away.

26.     Plaintiff was, understandably, extremely upset and called Defendants' site manager, Derek, who was in charge of scheduling, to inform him of the situation.

27.     The following day, Plaintiff attempted to call out but did so approximately one (1) hour later than she should have, as she was still distraught.

28.     Upon her return to work, Derek presented Plaintiff with a write-up from Mr. Lee.

29.     At that time, Derek stated he "knew [Plaintiff] wouldn't be coming in" due to the way she had sounded on the phone when Plaintiff called him, but that Mr. Lee had written Plaintiff up.

30.     Plaintiff became upset and told Defendants that they lacked empathy for her situation, as they were more flexible with other employees' callouts.

31.     Mr. Lee told Plaintiff to "just sign it" as it was "just a write-up", and told Plaintiff she was "making a big deal" out of it.

32.     During this conversation, another of Defendants' supervisors, Tommy, was laughing at Plaintiff and saying "oh I'll tell Rocco we lack empathy."

33.     Plaintiff ultimately left her employment at this time as a result of this mistreatment.

34.     However, Plaintiff then began to receive calls from Defendants' manager, Rocco, who ultimately asked Plaintiff to return to her position.

35.     On September 3, 2024, Plaintiff was reinstated to her position with Defendants.

36.     However, Plaintiff then became aware that Mr. Lee was telling everyone to "Watch what [Plaintiff] says" as it could be held against her, and additionally undermining Plaintiff's authority as supervisor with her guards, as well as directing Derek not to give Plaintiff any overtime.

37.     In February of 2025, after continuing retaliatory treatment by Mr. Lee, a female employee attacked a male employee in the security post that Plaintiff was guarding.

38.     Plaintiff stepped in during this incident to break the fight up as it was escalating and becoming dangerous.

39.     Plaintiff was asked to stay home the following day, and on February 22, 2025, Plaintiff's employment was terminated.

40.     As described above, Plaintiff was subjected to severe and pervasive sexual harassment and a hostile work environment on behalf of Defendants' employees and Defendants failed in their duty to rectify the situation or otherwise take action to protect Plaintiff.

41.     At all times material hereto, Defendants created and maintained a hostile work environment that Plaintiff was subjected to and required to work in and around.

42.     At all times material hereto, Defendants fostered an atmosphere of tolerance for sexual harassment of women, including Plaintiff, within Defendants' place of business.

43.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

**III.  Causes of Action.**

**COUNT I**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Hostile Work Environment; 42 U.S.C.A. § 2000 et seq)**

44.     Plaintiff incorporates paragraphs 1-43 as if fully set forth at length herein.

45.     Defendants employed fifteen (15) or more employees from 2023 through 2024.

46.     As described above, Plaintiff was subjected to unwelcome sexual advances, language, physical touching, and/or other conduct, by Defendants' employees, all while being employed by Defendants.

47.     The aforementioned actions and conduct were severe, pervasive and continuous, and created a hostile work environment for Plaintiff.

48.     Plaintiff complained about the hostile work environment, yet nothing was done to fix the situation.

49.     Defendants' conduct, as set forth above, violated Title VII of the Civil Right Act of 1964.

50.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages including by not limited to: great economic loss, future lost earning capacity, lost opportunity, lost future wages, loss of front pay and back pay, as well as emotional distress, humiliation, personal injury type damages, pain and suffering, consequential damages, as well as a work loss, loss of opportunity and a permanent diminution of her earning power and capacity, and a claim is made therefore.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (P.S. §951, et sec)

51.     Plaintiff incorporates paragraphs 1-50 as if fully set forth at length herein.

52.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on sex.

53.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

54.     Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

55.     As described above, Plaintiff, in the course and scope of her employment, was subjected to a sexually harassing and hostile work environment.

56.     Defendants failed to remedy the sexual harassment despite actual or constructive knowledge.

57.     Defendants' conduct constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

58.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

59.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff TIANA LAMBOY demands judgment in her favor and against Defendants JOB1USA, INC. and UNITED PARCEL SERVICE, INC. jointly and severally, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Tiana Lamboy

Date:  10/20/25

# EXH. A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/29/2025

**To:** Ms. Tiana Lamboy
5625 Market Street Apartment 1
Philadelphia, PA 19139
Charge No: 530-2025-00385

EEOC Representative and Phone:    Legal Unit Representative
267-589-9707

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-00385

On behalf of the Commission,

Digitally Signed By: Karen McDonough
07/29/2025

Karen McDonough
Deputy Director

**Cc:**
Eduardo Roa
Martenson Hasbrouck Simons
500 DAVIS ST STE 1003
Evanston, IL 60201

Sara Hamilton
UPS Corporate Legal Department
55 GLENLAKE PKWY
Atlanta, GA 30328

NA NA
55 GLENLAKE PKWY
Atlanta, GA 30328

Jessica Chang
Martenson Hasbrouck, and Simon
500 DAVIS ST STE 1003
Evanston, IL 60201

Graham  F Baird Esq.
Law Office of Eric A. Shore
1500 John F. Kennedy Boulevard, Suite 1240
Phila, PA 19102


Please retain this Notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 530-2025-00385 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**<u>To make a Section 83 request for your charge file</u>**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 530-2025-00385 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to
https://www.eeoc.gov/eeoc/foia/index.cfm

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/29/2025

**To:** Ms. Tiana Lamboy
5625 Market Street Apartment 1
Philadelphia, PA 19139
Charge No: 530-2025-00383

EEOC Representative and email:    Legal Unit Representative
267-589-9707

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-00383

On behalf of the Commission,

Digitally Signed By: Karen McDonough
07/29/2025

Karen McDonough
Deputy Director

**Cc:**
NA NA
1200 Ward Avenue
West Chester, PA 19380

Doris Kamberaj
Bunker & Ray
436 WALNUT ST # WA01A
Philadelphia, PA 19106

Bruce A Owens
Bunker & Ray
436 WALNUT ST # WA01A
Philadelphia, PA 19106

Justin Feher
Job1USA
701 JEFFERSON AVE STE 101
Toledo, OH 43604

Graham  F Baird Esq.
Law Office of Eric A. Shore
1500 John F. Kennedy Boulevard, Suite 1240
Phila, PA 19102


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at
https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 530-2025-00383 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 530-2025-00383 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.